UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| WESLEY BOSHEERS AND ) <br> JAMIE BOSHEERS ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> TRANSCO LOGISTICS CO. AND ) <br> CHARLES RODRIGUEZ ) <br>     Defendants. ) | Case No: 1:18-cv-00023 <br> Judge Campbell/Frensley |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Strike the Answer of Transco Logistics Co. ("Transco") and for default judgment filed by the Plaintiffs in this matter. Docket No. 36. They have also filed a supporting memorandum of law. Docket No. 37. Transco has not responded to the Motion. For the reasons stated herein, the undersigned recommends that default judgment be entered against Defendant Transco and that the Motion to Strike the Answer be DENIED, as moot.

## RELEVANT FACTS

This is a personal injury action brought by Plaintiffs against the Defendants arising out of an automobile accident that occurred on February 6, 2017. Docket No. 1-2. The action was originally filed in state court and removed to this Court by Transco. Docket No. 1. Transco was represented by counsel and filed an Answer to the Complaint on April 20, 2018. Docket No. 11. On April 18, 2019, counsel for Transco filed a Motion to Withdraw. Docket No. 27. The Court granted the motion and advised Transco, because it is a corporate entity, it may not proceed pro se. Docket No. 28. The Court ordered Transco to retain new counsel and enter an appearance in this action within 60 days of the entry of the Order. The Court warned Transco that failure to retain counsel "will be grounds for entry of default." *Id.* No attorney entered an appearance for Transco

by the Court's deadlines or in the 6 months after that deadline.

On November 15, 2019, Plaintiffs filed a motion to strike Transco's Answer and for default judgment as the sanction for failing to comply with this court's order regarding obtaining new counsel. Docket No. 36. Transco did not respond to the Motion. To this date, no attorney has entered an appearance for Transco in this action since prior counsel was relieved.

## LAW AND ANALYSIS

It is well settled law that a corporation may appear in federal court only through licensed counsel and not through the pro se representation of some individual officer of the corporation. *NLRB v. Consolidated Food Services, Inc.,* 81 Fed. Appx. 13, 14, n. 1. (6th Cir. 2003).

Rule 37 of the Federal Rules of Civil Procedure gives courts the authority to impose sanctions when parties fail to cooperate with a court order, including discovery orders and other orders under Rule 26(f), 35, or 37(a). Specifically, Rule 37(b)(2)(A)(vi) provides that these sanctions may include "rendering a default judgment against the disobedient party." Such an action is a severe sanction, and The Court of Appeals for the Sixth Circuit has stated that "[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort. . . ." *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153 (6th Cir. 1988) (internal citation omitted). The Supreme Court has justified these harsh sanctions by acknowledging their value as both a specific and general deterrent:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778 (1976).

The Sixth Circuit has articulated four factors that should be considered when evaluating a motion for default judgment under Rule 37: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less dramatic sanctions were imposed or considered before dismissal was ordered. *Regional Refuse*, 842 F.2d at 155.

"Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). Such conduct is that which is "perverse in resisting authority" and "stubbornly disobedient." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008), *quoting* Webster's Third New International Dictionary 497 (1986).

In this case, the first and third factors, willfulness and prior notice, strongly support default judgment as a sanction for Transco's continued failure to retain counsel. Transco retained counsel who actually removed the case to this court and who continued to actively litigate this action for over a year from March 19, 2018 through filing the Motion to Withdraw on April 18, 2019. In granting the Motion to Withdraw, the Court allowed Transco 60 days to obtain new counsel. Docket No. 28. Apart from not obtaining counsel within the time allowed by the Court, Transco has failed to obtain counsel in the more than 6 months after the deadline established by the Court. Likewise, Transco has failed to respond to Plaintiffs' Motion to Strike or otherwise participate in this litigation. This Court expressly warned Transco that failure to retain counsel in the time permitted, "will be grounds for an entry of default." Docket No. 28.

The second and fourth factors also support default judgment as a sanction in this case. Transco's failure to retain counsel caused Plaintiffs to waste time, money and effort for filing the

3

Motion to Strike and supporting memorandum. Further, this failure has necessarily impacted the ability of Plaintiffs to conduct discovery in the case and comply with the Court's scheduling orders for the orderly progression of this matter. As for the fourth factor, Transco's complete failure over such an extended period of time despite being previously warned of the consequences of its failure suggests no lesser sanction would be appropriate in this case. Transco's complete failure to comply with this Court's orders or participate in this litigation likewise suggest that no other potential sanction is likely to induce Transco's compliance with this Court's orders.

Considering all four factors, entry of default judgment against Transco's on Plaintiffs' claims is appropriate. In light of the recommendation that the Court enter a default judgment against Transco, the undersigned recommends that Plaintiffs' Motion to Strike Transco's Answer be DENIED as moot.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**