IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| WESLEY BOSHEERS and JAMIE BOSHEERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | NO. 1:18-cv-00023 |
| v. | ) ) | JUDGE CAMPBELL |
| TRANSCO LOGISTICS CO. and CHARLES RODRIGUEZ, | ) ) ) | MAGISTRATE JUDGE FRENSLEY |
| Defendants. | ) ) | |

## MEMORANDUM

### I. Introduction

Pending before the Court is Plaintiffs' Memorandum in Support of Damages Upon Default Judgment. (Doc. No. 51). For the reasons set forth herein, the Court enters judgment against Defendant Transco Logistics Company in the amount of $184,511.87 for Plaintiff Wesley Bosheers, and in the amount of $35,000 for Plaintiff Jamie Bosheers.

### II. Factual and Procedural Background

Plaintiffs Wesley Bosheers, a trooper for the Tennessee Highway Patrol, and his wife, Jamie Bosheers, brought this action for negligence against Defendant Charles Rodriguez and his employer Defendant Transco Logistics Company. (Doc. No. 1-2). Plaintiffs allege Defendant Rodriguez was driving a tractor trailer truck during the course and scope of his employment on February 6, 2017, when the truck struck a patrol car in which Mr. Bosheers was sitting while the car was parked on the shoulder of the highway during a traffic stop. Mr. Bosheers alleges he

sustained injuries as a result of the collision, and Mrs. Bosheers alleges she has suffered damages by way of loss of consortium as a result of the collision.

Defendants, initially represented by counsel, removed the case from Giles County Circuit Court to this court, and filed Answers to the Complaint. (Doc. Nos. 1, 11, 15). During discovery, counsel for Defendants moved to withdraw because Defendants' liability insurance carrier, which had retained counsel, filed for receivership. (Doc. No. 27). The Court granted the motion and gave Defendants 60 days in which to secure new counsel. (Doc. No. 28). Defendants did not retain new counsel or otherwise file pleadings with the Court after entry of the Order. The Court subsequently granted default judgment against Defendant Transco Logistics (Doc. No. 40), and at the request of Plaintiffs, dismissed Defendant Rodriguez as a party. (Doc. No. 44). The Court also granted Plaintiffs' request that the Court determine damages based on submission of a brief and supporting documentation rather than holding an evidentiary hearing. (Doc. No. 44). Plaintiffs have now filed their brief, along with the affidavits and supporting documentation of Mr. and Mrs. Bosheers.

### III. Analysis

Once default has been entered, the defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint concerning liability. *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016). As for damages, however, the court must undertake an inquiry "to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 Fed. Appx. 351, 355 (6th Cir. 2009). It is the plaintiff's burden to establish the amount of damages it is entitled to recover from the party who is in default. *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)).

2

In order to recover for negligence, a plaintiff must prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation. *See, e.g., Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998). In order to impose vicarious liability on the employer of a negligent driver, the plaintiff must show the operator of a vehicle was acting as a servant or employee of the owner and in the course and scope of the employment at the time of the accident. *Hamrick v. Spring City Motor Co.*, 708 S.W.2d 383, 386 (Tenn. 1986); *Gray v. Baird*, 2020 WL 2529863, at *3 (Tenn. Ct. App. May 19, 2020). The well-pleaded allegations of the Complaint, as well as the Affidavit of Mr. Bosheers (Doc. No. 51-1), establish these elements as to Defendant Transco and its employee, Charles Rodriguez.

In terms of damages, a plaintiff who suffers injury as a result of the defendant's negligence "may recover damages from the other person for all past, present, and prospective harm." *Dedmon v. Steelman*, 535 S.W.3d 431, 437-38 (Tenn. 2017) (quoting *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 267 (Tenn. 2015)). These damages take the form of economic (or pecuniary) damages and non-economic (or personal) damages. *Id.* Economic damages include past medical expenses, future medical expenses, lost wages, and lost earning potential, and all economic loss that naturally results from the defendant's wrongful conduct. *Id.* Non-economic damages include pain and suffering, permanent impairment and/or disfigurement, and loss of enjoyment of life, and are not susceptible to proof by a specific dollar amount. *Id.,* at 438. "While there must be some evidence to justify the amount awarded, plaintiffs are not required to prove the monetary value of non-economic damages because such injuries are not easily quantified in economic terms." *Id.* For this reason, "the trier of fact is given broad latitude in fixing the monetary amount of non-economic damages." *Id.*

Through his Affidavit and supporting documents, Mr. Bosheers describes the medical treatment he has received since the accident to treat the injuries he sustained, and states that he has incurred medical expenses in the amount of $31, 811.87. In addition, Plaintiff purchased a special mattress, at a cost of $2,000, to alleviate pain associated with those injuries. The Court finds this evidence supports Plaintiffs' request for an award of economic damages in the amount of $33,811.87.

The Affidavits of both Plaintiffs also describe the back pain and arm numbness Mr. Bosheers has endured as a result of the accident. Those descriptions are also supported by Mr. Bosheers' medical records. Thus, the Court finds this evidence supports Plaintiffs' request for an award of $50,000 for pain and suffering.

The Affidavits also describe how Mr. Bosheers' injuries have restricted his daily activities, including landscaping and home renovation activities, as well as his hobby of riding a motorcycle. Plaintiffs also describe the detrimental effect his continuing pain has had on his mental health. The Court finds this evidence supports Plaintiffs' request for an award of $50,000 for past, present and future loss of enjoyment of life.

The medical records filed by Plaintiffs also establish Mr. Bosheers has sustained a nine percent (9%) permanent impairment to the whole person as a result of the accident. Given Mr. Bosheers' life expectancy, the Court finds Plaintiffs' request for $50,700 to be a reasonable amount to compensate Mr. Bosheers for the permanent impairment.

Finally, Mrs. Bosheers' Affidavit describes the effect Mr. Bosheers' injuries has had on their relationship, and the loss of consortium resulting from the accident. The Court finds this evidence supports Plaintiffs' request for $35,000 to compensate Mrs. Bosheers in that regard.

4

Case 1:18-cv-00023 Document 52 Filed 05/29/20 Page 4 of 5 PageID #: 265

## IV. Conclusion

For the reasons set forth above, the Court awards Plaintiff Wesley Bosheers damages in the amount of $184,511.87, and awards Plaintiff Jamie Bosheers damages in the amount of $35,000.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE